IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

In re KEVIN FIEDOR,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　) Civil Action No.: 4:18-cv-74
　　　Petitioner.　　　　　　　　　　　　)

## VERIFIED PETITION OF KEVIN FIEDOR
## FOR AN ORDER TO PERPETUATE DEPOSITION TESTIMONY

COMES NOW Petitioner, KEVIN FIEDOR, by and through his attorneys GIBBS LAW FIRM, P.A., seeking an order pursuant to Fed. R. Civ. P. 27(a)(1) authorizing him to perpetuate the oral deposition testimony of JACK KELLEY and MARK TRAMMELL for use in future anticipated civil proceedings and hereby states as follows:

### RELEVANT FACTUAL BACKGROUND

1. Petitioner, KEVIN FIEDOR ("FIEDOR"), is an individual residing in the Town of Cantonment, County of Escambia, State of Florida.

2. FIEDOR was and is an employee of the STATE OF FLORIDA DEPARTMENT OF FINANCIAL SERVICES ("DFS") in the Division of Investigative & Forensic Services, Bureau of Fire and Arson Investigation.

3. Petitioner was the subject of a religiously discriminatory internal investigation conducted by the DFS's Office of the Inspector General ("OIG"), which resulted in his demotion from the rank of Law Enforcement Captain to Law Enforcement Investigator II and corresponding pay reduction.

4. On September 25, 2017, FIEDOR filed a charge of employment discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on the basis of religious discrimination (the "Charge"). A true and correct copy of the Charge is attached hereto as Exhibit "A".

5.  Correspondence from the EEOC, dated September 25, 2017 was sent to FIEDOR's attorneys acknowledging receipt of the Charge and assigned EEOC Charge No.: 425-2017-01013. A true and correct copy of the correspondence from the EEOC, dated September 25, 2017 is attached hereto as Exhibit "B". The correspondence states in pertinent part:

> Following our procedures, this charge was dual-filed with the agency listed below, and a copy of the charge is being sent to this agency for initial action: Florida Commission on Human Relations….
>
> …
>
> Please cooperate with [the Florida Commission on Human Relations] as they process this charge. Their final findings and orders may be adopted by the EEOC. They will investigate and resolve the charge under their statute.
>
> …
>
> Under Title VII, the ADA and GINA, the EEOC must issue a Notice of Right to Sue, either at your request or after we act on the agency's finding, before you may file private suit under those laws.

Exh. "B".

6.  The Florida Commission On Human Relations ("FCHR") subsequently sent a Notice of Receipt of Complaint, dated October 2, 2017 and assigned FCHR Case No. 201702812. A true and correct copy of the Notice of Receipt of Complaint, dated October 2, 2017 is attached hereto as Exhibit "C".

7.  In accordance with FCHR's process, DFS submitted their position statement in response to the Charge, dated November 17, 2017, denying religion played any role at all in the discriminatory disciplinary action taken against FIEDOR despite the DFS's prompting by, and reliance on, OIG's investigative reports when taking said action. A true and correct copy of the DFS's position statement, dated November 17, 2017 (with exhibits other than Exhibit D omitted) is attached hereto as Exhibit "D".

8.      Subsequently, on January 5, 2018, FIEDOR submitted his reply in further support of the Charge, which includes an affidavit by MARK TRAMMELL. A true and correct copy of FIEDOR's reply is attached hereto as Exhibit "E".

## ARGUMENT

I.      PETITIONER'S ANTICIPATED LAWSUIT

9.      As of the date of filing this Verified Petition, the FCHR investigation is still ongoing and the EEOC has not issued a Notice of Right to Sue so Petitioner is barred from bringing a lawsuit at this time. *See*, Exhibit "B". However, Petitioner anticipates litigation of the religious discrimination matter described in the Charge will persist once a Notice of Right to Sue is issued. Such a lawsuit will seek the following relief: (1) to reinstate Petitioner to his original rank and paygrade; (2) obtain compensatory damages; and (3) such other and further relief as the court deems just and proper.

10.     The following is a list of prospective adverse parties, which may be included once a lawsuit is filed:

    a. DFS whose headquarters is located at 200 East Gaines Street, Tallahassee, Florida. This location is also where the OIG is headquartered and will also serve as the address of any OIG employees listed below;

    b. ANDREW BLIMES ("BLIMES") an investigator employed by the OIG who conducted the internal investigation leading to FIEDOR's demotion;

    c. MIKE SHOAF ("SHOAF"), OIG's Director of Investigations who supervised BLIMES's investigation of FIEDOR;

    d. TERESA MICHAEL ("MICHAEL"), the OIG Inspector General who also supervised BLIMES's investigation of FIEDOR; and

3

e. SIMON BLANK ("BLANK"), director of the Division of Investigative and Forensic Services at DFS who was responsible for accepting the OIG's religiously discriminatory investigative findings and implementing the discriminatory demotion and pay reduction.

II. DEPOSITIONS: WITNESSES AND TESTIMONY THEREOF

11. JACK KELLEY ("KELLEY") is an individual residing at 4632 Centerville Road in the City of Tallahassee, County of Leon, State of Florida. KELLEY is a retired Lieutenant Colonel and Assistant Director of the Division of Insurance Fraud with the DFS. KELLEY will testify as to the history of mishandled OIG internal investigations, including: (1) the investigative process involving law enforcement officers employed by the DFS, generally; and (2) systemic deficiencies within that process which have negatively impacted law enforcement officers subject to investigations by the OIG, including FIEDOR.

12. MARK TRAMMELL ("TRAMMELL") is an individual residing at 1821 Raa Avenue in the City of Tallahassee, County of Leon, State of Florida. TRAMMELL is a retired Major with the DFS's Division of Investigative & Forensic Services, Bureau of Fire and Arson Investigation and was FIEDOR's immediate supervisor when Petitioner held the rank of Law Enforcement Captain. TRAMMELL's testimony is specific to Petitioner's situation which will include: (1) certain events which were examined throughout the course of the OIG's internal investigation such as those involving JAYSON DEESE, an investigator on FIEDOR's team; (2) significant violations perpetrated by the OIG during the investigation; and (3) FIEDOR's exercising his Constitutionally protected rights to freedom of speech and free exercise of religion in the workplace.

13. Petitioner asserts that DFS's response to FIEDOR's Charge was based on OIG investigative reports containing false information obtained through illegally conducted investigations. Petitioner further affirms that the testimonies of KELLEY and TRAMMELL will support these claims by disclosing the egregious practices on the part of the OIG when conducting their investigation of FIEDOR, including but not limited to: (1) violations of the Florida Police Officer's Bill of Rights, F.S. 112.532; (2) that the non-discriminatory reasons put forth by DFS to justify FIEDOR's demotion are false; and (3) that, in the instant case, DFS violated a written agreement that it entered for the purpose of protecting law enforcement officers from being subject to illegally and unprofessionally conducted OIG investigations.

## PRAYER FOR RELIEF

14. No indication has been given as to when the FCHR will conclude their investigation, nor how long it will take the EEOC to respond to any findings by the FCHR and issue a Notice of Right to Sue.

15. Pursuant to an email from PAMELA S. THORNTON ("THORNTON"), the FCHR Employment Investigator, it is not FCHR's practice to conduct depositions as part of their investigative process. A true and correct copy of an email from THORNTON, dated January 22, 2018 is attached hereto as Exhibit "F".

16. Both witnesses have expressed their willingness to be deposed in connection with this matter. KELLEY made this confirmation verbally to FIEDOR while TRAMMELL stated his under oath in his affidavit accompanying FIEDOR's reply in further support of the Charge. *See* Exhibit "E".

17. Furthermore, TRAMMELL is in poor health, so preservation of his testimony, in the event of his untimely death, is vital.

18.  In light of the foregoing, it is clear that Petitioner does not have any other avenues, short of the relief sought pursuant to Fed. R. Civ. P. 27(a)(1), to preserve testimony before the filing of a lawsuit, which can only happen after an indeterminant period of time passes.  Failure to depose these witnesses will unfairly prejudice FIEDOR in any lawsuit brought by him by potentially denying FIEDOR access to two valuable sources of information.

**WHEREFORE**, Petitioner, KEVIN FIEDOR, requests that an order be made and entered by the Court authorizing Petitioner to compel the oral depositions of JACK KELLEY and MARK TRAMMELL in order to perpetuate their testimony for use in future anticipated civil proceedings.

## VERIFICATION

STATE OF FLORIDA            )
                            )
COUNTY OF ESCAMBIA          )

KEVIN FIEDOR, being duly sworn, deposes and says: I am the Petitioner in this proceeding. I have read the foregoing Petition and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Kevin Fiedor, Petitioner

Sworn to before me on this 31
day of January, 2018

_____
Notary Public

Nov 24, 2018
My Commission Expires

JACKIE LAUNSTEIN
STATE OF FLORIDA
COMM. # FF179010
MY COMM. EXP. NOV. 24, 2018

6

DATED: February 2, 2018                Respectfully submitted,

                                                          */s/ David C. Gibbs III*
                                                          David C. Gibbs III
                                                          dgibbs@gibbsfirm.com
                                                          The National Center for Life and Liberty
                                                          2648 FM 407, Suite 240
                                                          Bartonville, TX 76226
                                                          Telephone:  (727) 362-3700
                                                          Facsimile:  (727) 398-3907

                                                          Attorneys for Petitioner, KEVIN FIEDOR